# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| William Ashby, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 8:19-cv-00926-JMC |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| Greenville County Detention Center, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

Before the court for review is the Magistrate Judge's Report and Recommendation ("Report") filed on April 15, 2019 (ECF No. 16). The court **ACCEPTS** the Magistrate Judge's Report and incorporates it herein by reference. The court **OVERRULES** Plaintiff William Ashby's Objection (ECF No. 19), and for the reasons set out in the Report, **DISMISSES** this action *with prejudice* and without issuance and service of process. Due to the dismissal of this action with prejudice, the court also **DENIES** Ashby's Motion to Amend (ECF No. 18).

## I. FACTUAL AND PROCEDURAL BACKGROUND

On March 27, 2019, Ashby, proceeding pro se, filed this 42 U.S.C. § 1983 action against the Greenville County Detention Center ("GCDC"). (ECF No. 1.) Ashby alleged that on February 12, 2019, while he was detained at GCDC, he "fell in the shower and messed up [his] knee because . . . soap [was] left in there and . . . [GCDC] w[as] not cleaning the shower like [it] should and [he] told the nurse and now [GCDC] w[ill] [not] do surgery on [his] knee." (*Id.* at 4–5.) Ashby further alleged that he had been issued "braces to keep [him] from falling" until he could have surgery on his knee, but that GCDC told him GCDC would not arrange for the surgery because it was "unsafe for [GCDC] to do it." (*Id.* at 5.) As a result, Ashby states that he is in pain every day and seeks

ten thousand (10,000) dollars in damages for his pain and suffering and requests that GCDC arrange for him to have surgery on his knee. (*Id.*)

On April 1, 2019, the Magistrate Judge entered an Order finding that Ashby's Complaint (ECF No. 1) was "subject to summary dismissal if [Ashby] d[id] not amend the Complaint to cure deficiencies identified" by the Magistrate Judge. (ECF No. 10 at 1.) Specifically, the magistrate Judge found Ashby's Complaint "failed to name a proper [d]efendant . . . . because GCDC is not a 'person' amendable to suit under § 1983, and, to the extent [Ashby] intend[ed] to sue the Greenville County Sheriff's Office [("GCSO")], [which administers and controls the GCDC,] the [GCSO] is entitled to Eleventh Amendment immunity." (*Id.* at 5.) The Magistrate Judge determined that Ashby "may be able to cure the deficiencies in his Complaint by filing an amended complaint to name a proper [d]efendant" and granted Ashby twenty-one (21) days "to file an amended complaint pursuant to Federal Rule of Civil Procedure 15(a) that corrects the deficiencies identified," namely, naming a proper defendant. (*Id.* at 7.) The Magistrate Judge informed Ashby that "[i]f [he] failed to file an amended complaint that corrects those deficiencies, [his Complaint] w[ould] be recommended for summary dismissal, with prejudice, pursuant to 28 U.S.C. § 1915 and § 1915A." (*Id.* (citing *Workman v. Morrison Healthcare*, 724 F. App'x 280, 281 (4th Cir. 2018) (dismissing the plaintiff's appeal as interlocutory and because the district court had already afforded the plaintiff with an opportunity to amend, directing the district court on remand "in its discretion, [to] either afford [the plaintiff] another opportunity to file an amended complaint or dismiss the complaint with prejudice, thereby rendering the dismissal a final, appealable order")).)

On April 10, 2019, Ashby filed an Amended Complaint, but again named GCDC as the only defendant. (ECF No. 12 at 1.)

2

On April 15, 2019, the Magistrate Judge entered her Report. (ECF No. 16.) The Magistrate Judge found Ashby's Amended Complaint was "subject to summary dismissal because [Ashby] failed to name a [d]efendant amenable to suit under § 1983." (*Id.* at 4.) The Magistrate judge further found that "to the extent [Ashby intended to] assert[] [his claims] against the [GCSO], which administers [the] GCDC, this suit is against the State of South Carolina for purposes of Eleventh Amendment immunity," which "divests this [c]ourt of jurisdiction to entertain a suit for damages brought against the State of South Carolina or its integral parts." (*Id.* at n.2.) Therefore, because Ashby "failed to cure th[e] deficiencies," as notified by the Magistrate Judge to do in her April 1, 2019 Order, and "the Amended Complaint fail[ed] to name a proper [d]efendant in this § 1983 action," the Magistrate Judge recommends that "this action . . . be summarily dismissed, with prejudice, pursuant to 2 U.S.C. § 1915 and § 1915A." (*Id.* at 6.)

On April 24, 2019, Ashby filed an Objection to the Report. (ECF No. 19.) Ashby asserts that he "did not know the name of who [he] was [supposed] to put the suit[] against [un]til toda[y] when a[n] officer told me." (*Id.* at 1.) Thus, Ashby requests that the court "please don't close the case." (*Id.*) Ashby also seeks to amend his Amended Complaint to name "S. Bodiford" as the defendant. (ECF No. 18.)

## II. STANDARD OF REVIEW

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District Court of South Carolina. The Magistrate Judge only makes a recommendation to this court; the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court engages in a de novo review of those portions of the Report to which the parties have made specific objections. *See* 28 U.S.C. § 636(b)(1). *See also* Fed. R. Civ. P. 72(b)(3). The court may accept,

reject or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1). Also, the court is required to interpret pro se documents liberally and will hold those documents to a less stringent standard than those drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed," and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976))); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *Hardin v. United States*, C/A No. 7:12–cv–0118–GRA, 2012 WL 3945314, at *1 (D.S.C. Sept. 10, 2012).

### III. DISCUSSION

On April 15, 2019, as part of the Report, the Magistrate Judge notified the parties of their right to file *specific*, written objections by April 29, 2019. (ECF No. 16 at 7.) Ashby's Objection does not identify any errors by the Magistrate Judge, but requests another opportunity to amend his Amended Complaint. (*See* ECF Nos. 18, 19.) In the absence of *specific* objections to the Report, this court is not required to provide an explanation for adopting the recommendations without modification. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Absent specific objections, the court must only ensure that there is no clear error on the face of the record in order to accept the recommendations. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note); *Orpiano*, 687 F.2d at 47 ("Courts have also held de novo review to be unnecessary in analogous situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations."). Additionally, if a party fails to file specific, written objections to the Report, the party forfeits the right to appeal the court's decision concerning the Report. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States*

*v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Because Ashby points to no specific error in the Magistrate Judge's proposed findings and recommendations, the court accepts the Magistrate Judge's Report and dismisses Ashby's Amended Complaint with prejudice. *See Smith v. Washington Mut. Bank FA*, 308 Fed. App'x 707, 708 (4th Cir. 2009) ("The court need not conduct de novo review . . . 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations.'") (quoting *Orpiano v. Johnson,* 687 F.2d 44, 47 (4th Cir. 1982)). Thus, because Ashby's Complaint will be dismissed with prejudice, the court also denies Ashby's request to amend his Amended Complaint.

## IV. CONCLUSION

After a thorough and careful review of the record, the court finds the Magistrate Judge's Report and Recommendation provides an accurate summary of the facts and law in this case. Accordingly, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 16) and incorporates it herein by reference. The court **OVERRULES** Ashby's Objection (ECF No. 19), and for the reasons set out in the Report, **DISMISSES WITH PREJUDICE**, and without issuance and service of process, his Amended Complaint (ECF No. 12). Due to this dismissal, the court also **DENIES** Ashby's Motion to Amend (ECF No. 18).

**IT IS SO ORDERED.**

J. Michelle Childs
United States District Judge

July 9, 2019
Columbia, South Carolina